**FILED**
**Apr 08, 2024**
**08:27 AM(CT)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT COOKEVILLE

| | |
|---|---|
| ERNEST SOSA,<br>      Employee,<br>v.<br>COOKEVILLE REGIONAL<br>MEDICAL AUTHORITY,<br>      Employer,<br>And<br>PMA MGMT. CORP.,<br>      Insurer. | Docket No.: 2023-04-0865<br><br>State File No.: 84930-2021<br><br>Judge Robert V. Durham |

---

## EXPEDITED HEARING ORDER DENYING BENEFITS

---

The Court held an Expedited Hearing on March 26, 2024, to determine whether Mr. Sosa's alleged low back injury primarily arose out of his work accident, and if so, the benefits to which he is entitled. The Court holds Mr. Sosa did not establish that he is likely to show his back injury primarily arose from his work, so the Court denies his requests for future medical care and additional temporary disability benefits.[1]

## History of Claim

Mr. Sosa injured himself when his chair collapsed at work on November 3, 2021. He was treated at the emergency room for a broken clavicle, and orthopedist James McKinney later surgically repaired a torn rotator cuff in Mr. Sosa's right shoulder.

CRMC did not dispute the compensability of Mr. Sosa's clavicle and shoulder injuries, and Mr. Sosa reached maximum medical improvement from his shoulder and clavicle injuries.

However, CRMC denied Mr. Sosa's contention that the accident also caused a low

---

[1] The parties agreed to a compensation rate of $420.19 and that CRMC stopped paying temporary disability benefits on July 27, 2022. Mr. Sosa said he was not seeking past medical expenses at this hearing.

1

back injury.  The following history will focus on the low back issue.

On the day of the accident, Mr. Sosa wrote on an incident report that he injured his "right shoulder."  He did not mention low back pain, nor did the emergency room report document low back pain.

Two days later, Mr. Sosa completed an intake form for Dr. McKinney, and on a diagram where he marked the location of his pain, he only marked his right upper extremity.  Dr. McKinney's office note reflected the same complaints without mention of low back pain.

Twelve days after his injury, Mr. Sosa saw his family doctor, Dr. J.D. Allred, about severe pain from his collarbone fracture.  The note does not mention back pain.

Despite numerous visits from November through March to Dr. Allred and Dr. McKinney, the records include no complaints of back pain.

In mid-April, more than five months after the injury, Dr. Allred noted for the first time that Mr. Sosa complained of "severe low back spasms" in his left low back for five days but did not mention Mr. Sosa's work injury.  Mr. Sosa returned to Dr. Allred twice complaining of continuing low back and left leg pain, but again the records do not refer to his work injury.

In May, Mr. Sosa reported left hip pain and left leg numbness at Dr. McKinney's office. He received a steroid injection to determine the source of the hip pain.

Dr. Allred then ordered a lumbar MRI that showed "definite impingement" at L4-L5 due to a disc protrusion.  Dr. Allred noted that Mr. Sosa reminded him of the fall five months earlier and asked if the nerve impingement might be related.

In June, Mr. Sosa told Dr. McKinney that before his fall in November, he had never had problems with his left leg, but now he had disabling pain that radiated down the leg. He also told Dr. McKinney about the L4 nerve impingement and said he "hopes to get work comp approval" to see a neurosurgeon.  The record does not contain a neurosurgeon referral.

Mr. Sosa saw neurosurgeon Walter Jermakowicz, who is in practice with Dr. McKinney, a few days later.  While the note says that "his/her Workers' Compensation carrier" requested the visit, CRMC's adjuster submitted a Rule 72 declaration specifically denying that she ever authorized neurosurgical treatment.

At the visit, Mr. Sosa described experiencing severe pain in the L4-5 distribution for several months.  He said that it waxed and waned but was progressively worsening.  Dr.

2

Jermakowicz described the herniated disc at L4-L5 as "quite large" and "undoubtedly symptomatic." When conservative treatment ultimately failed to relieve the symptoms, Dr. Jermakowicz recommended a fusion.

CRMC then sent Mr. Sosa to neurosurgeon Tarek Elalayli for an evaluation. Mr. Sosa told Dr. Elalayli that he complained of low back pain at the emergency room and to Dr. McKinney, but that he began experiencing increased left lower extremity symptoms after his shoulder surgery. Dr. Elalayli then extensively outlined Mr. Sosa's medical records as to any mention of low back pain.

He concluded that Mr. Sosa suffered from a disc herniation and required surgery. He also said that if the history Mr. Sosa had relayed to him was correct, he would attribute the herniation to his fall at work. However, Dr. Elalayli felt that Mr. Sosa's history was plainly inconsistent with medical records that do not report any low back pain "until well after the work injury." Thus, he could not attribute the herniation to the fall.

In response, Mr. Sosa's counsel wrote a letter to Dr. Jermakowicz. In the letter, he said that Mr. Sosa recalled mentioning soreness in his low back at the emergency room and to Dr. McKinney, but they did not record it. He also said that Mr. Sosa's low back and left leg symptoms increased after surgery, and Mr. Sosa could not recall any other incidents that could have led to the herniation. He attached Dr. Elalayli's report to his letter. He concluded the letter by asking if, based on the stated information and Mr. Sosa's history, the disc herniation was more than 50% caused by the work accident.

Dr. Jermakowicz responded by saying that the disc herniation was consistent with the mechanism of injury and that "although rare," symptoms were sometimes delayed until weeks after. Thus, "based off his story and the imaging findings", Dr. Jermakowicz believed the work injury caused the herniation.

Dr. Jermakowicz continued to treat Mr. Sosa and performed a lumbar fusion on September 12, 2023. His last record kept Mr. Sosa off work until November 20, 2023, "pending follow-up."

At the hearing, Mr. Sosa confirmed that he did not suffer from low back or left leg pain before the fall. He said that he engaged in little physical activity after the accident due to his upper extremity injury, and he did nothing that would have caused him to suffer a herniated disc.

Mr. Sosa maintained that he told emergency room personnel and Dr. McKinney about his low back pain, but they did not document it. When questioned about the incident form and the intake form that he completed himself, he said that he was focused on the clavicle fracture and his shoulder pain. He also believed the pain medication for his fracture and shoulder "masked" the pain in his back and leg. He testified that Dr.

Jermakowicz has yet to release him to return to work.

**Findings of Fact and Conclusions of Law**

To obtain benefits, Mr. Sosa must show a likelihood of prevailing at a hearing on the merits. Tenn. Code Ann. § 50-6-239(d)(1) (2023). Here, the question is whether he suffered a low back injury that primarily arose from his 2021 work accident. The Court finds that while he proved the injury was consistent with his accident, he did not submit enough evidence to overcome the fact that none of the documentary evidence submitted references low back pain until several months after the accident. Thus, he is unlikely to prove causation at trial, and the Court denies his requested benefits.

To prove causation, Mr. Sosa must show to a reasonable degree of medical certainty that he suffered an accidental injury due to a "specific incident, or set of incidents, that arose primarily of and in the course and scope of employment…identifiable by time and place of occurrence[.]" The injury or aggravation must have "contributed more than fifty percent" in causing his disablement and need for treatment. "Reasonable degree of medical certainty" means in a physician's opinion "it is more likely than not considering all causes, as opposed to speculation or possibility." Tenn. Code. Ann. § 50-6-102(A)-(D).

Tennessee Code Annotated section 50-6-102(12)(E) says that an authorized treating physician's causation opinion is presumed correct but may be rebutted by a preponderance of the evidence. Although Mr. Sosa asserts that CRMC authorized Dr. Jermakowicz, the adjuster submitted a Rule 72 Statement to the contrary. The Court finds the adjuster is the better witness on this issue. Thus, the presumption does not apply to Dr. Jermakowicz's opinion over Dr. Elalayli's.

In this case, however, the doctors' opinions are similar in most respects. They agree that Mr. Sosa suffers from a herniated disc that requires surgery. They also agree that the herniated disc is consistent with his fall from a collapsing chair. Where they differ is the importance assigned to the lack of documentary evidence of low back pain in the months after the accident. Dr. Elalayli says it is enough to deny causation; Dr. Jermakowicz disagrees.

After carefully considering the submitted evidence, the Court finds it agrees with Dr. Elalayli. Neither the emergency room staff nor Dr. McKinney's staff documented any low back complaints despite Mr. Sosa's insistence that he told them. Further, he had multiple opportunities to tell both his family doctor and Dr. McKinney about his low back pain, but there is no documented evidence he did so until more than five months after his accident.

Notably, not only do the medical records fail to mention low back pain, but two forms completed by Mr. Sosa, the incident report and the intake sheet, do not refer to low

4

back symptoms. In addition, when Dr. Allred's records finally mention low back pain, it only states that Mr. Sosa had been suffering back spasms for five days, and the records still do not mention the work incident until May.

Finally, the Court finds Mr. Sosa's explanations for the lack of documentary evidence to be inconsistent. On one hand, he said that he experienced immediate low back pain severe enough to warrant telling both the emergency room staff and Dr. McKinney about it. But on the other hand, he said his focus on his right upper extremity complaints as well as his lack of activity and pain medication must have "masked" his low back symptoms.

The Court holds that Mr. Sosa's unsupported testimony, when considering documentary evidence to the contrary, is not enough to show he is likely to prevail at trial in proving causation. Thus, the Court denies Mr. Sosa's claim for benefits for his low back injury at this time.

IT IS, THEREFORE, ORDERED:

1. Mr. Sosa's request for authorized treatment of his low back condition and additional temporary disability benefits is denied.

2. This case is set for a Scheduling Hearing on **May 8, 2024, at 10:30 a.m. Central Time**. The parties must call 615-253-0010. Failure to appear might result in a determination of the issues without the party's participation.

**ENTERED April 8, 2024.**

_____
**ROBERT DURHAM, JUDGE**
**Court of Workers' Compensation Claims**

### APPENDIX

Technical Record:
1. Petition for Benefit Determination
2. Dispute Certification Notice
3. Request for Expedited Hearing
4. CRMC's Pre-Trial Brief

Exhibits:

1. Mr. Sosa's affidavit.
2. Collective medical records attached to Request for Expedited Hearing
3. Adjuster's affidavit
4. Dr. Jermakowicz's response to causation letter
5. CRMC's incident report
6. Emergency room records
7. Initial visit record with Dr. McKinney
8. Intake form
9. Dr. Allred report
10. Dr. McKinney's collective medical records from November and December
11. Additional Dr. Allred records
12. Additional Dr. McKinney records
13. Dr. Allred's April 15 record
14. Dr. McKinney's April 25 note
15. Dr. Worley's medical record
16. Dr. Allred's May 31 note
17. Dr. Jermakowicz note taking Mr. Sosa off work
18, Dr. McKinney June 6 note
19. Dr. Elalayli record

## CERTIFICATE OF SERVICE

I certify that a copy of the Order was sent as indicated on April 8, 2024.

| Name | Certified Mail | Fax | Email | Service sent to: |
|---|---|---|---|---|
| Timothy Roberto | | | X | troberto@brownandroberto.com |
| Frederick R. Baker | | | X | fbaker@wimberlylawson.com |

_____
**PENNY SHRUM, Court Clerk**
**WC.CourtClerk@tn.gov**



<u>Right to Appeal</u>:

If you disagree with the Court's Order, you may appeal to the Workers' Compensation Appeals Board. To do so, you must:

1. Complete the enclosed form entitled "Notice of Appeal" and file it with the Clerk of the Court of Workers' Compensation Claims before the expiration of the deadline.
   ➢ If the order being appealed is "expedited" (also called "interlocutory"), or if the order does not dispose of the case in its entirety, the notice of appeal *must* be filed *within seven (7) business days* of the date the order was filed.
   ➢ If the order being appealed is a "Compensation Order," or if it resolves all issues in the case, the notice of appeal *must* be filed *within thirty (30) calendar days* of the date the Compensation Order was filed.
   When filing the Notice of Appeal, you must serve a copy on the opposing party (or attorney, if represented).

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the filing fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of your appeal.**

3. You are responsible for ensuring a complete record is presented on appeal. If no court reporter was present at the hearing, you may request from the Court Clerk the audio recording of the hearing for a $25.00 fee. If you choose to submit a transcript as part of your appeal, which the Appeals Board has emphasized is important for a meaningful review of the case, a licensed court reporter must prepare the transcript, and you must file it with the Court Clerk. The Court Clerk will prepare the record for submission to the Appeals Board, and you will receive notice once it has been submitted. For deadlines related to the filing of transcripts, statements of the evidence, and briefs on appeal, see the applicable rules on the Bureau's website at https://www.tn.gov/wcappealsboard. (Click the "Read Rules" button.)

4. After the Workers' Compensation Judge approves the record and the Court Clerk transmits it to the Appeals Board, a docketing notice will be sent to the parties.

   **If neither party timely files an appeal with the Appeals Board, the Court Order becomes enforceable. See Tenn. Code Ann. § 50-6-239(d)(3) (expedited/interlocutory orders) and Tenn. Code Ann. § 50-6-239(c)(7) (compensation orders).**

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



# NOTICE OF APPEAL

Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

**Docket No.:** _____

**State File No.:** _____

**Date of Injury:** _____

_____

**Employee**

v.

_____

**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies). Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____     ☐ Motion Order filed on _____

☐ Compensation Order filed on_____     ☐ Other Order filed on_____

issued by Judge _____.

## Statement of the Issues on Appeal

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

_____

## Parties

**Appellant(s)** (Requesting Party): _____ ☐Employer ☐Employee

Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s)** (Opposing Party): _____ ☐Employer ☐Employee

Appellee's Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

### CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 _____.

_____

*[Signature of appellant or attorney for appellant]*